UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS B. EDLESON, on behalf of himself and all others similarly situated,<br><br>                        Plaintiff,<br><br>v.<br><br>TRAVEL INSURED INTERNATIONAL, INC., and UNITED STATES FIRE INSURANCE COMPANY,<br><br>                        Defendants. | Case No.:  21-cv-323-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is Motion to Dismiss the Complaint filed by Defendants Travel Insured International, Inc., and United States Fire Insurance Company. (ECF No. 20).

## I.   PROCEDURAL BACKGROUND

    On February 23, 2020, Plaintiff Louis B. Edelson filed a Class Action Complaint against Defendants Travel Insured International, Inc. ("Travel Insured") and United States Fire Insurance Company ("U.S. Fire"), alleging that Defendants violated California state law by failing to refund travel insurance premiums paid for post-departure coverage on trips that were never taken.

1

On May 3, 2021, Defendants filed a Motion to Dismiss the Complaint for lack of standing and for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 20). Defendants alternatively move "to dismiss Plaintiff's claims on behalf of out-of-state residents" for lack of standing under Rule 12(b)(1). (ECF No. 20-1 at 9). On June 25, 2021, Plaintiff filed an Opposition to the Motion to Dismiss. (ECF No. 23). On July 22, 2021, Defendants filed a Reply. (ECF No. 24). On September 3, 2021, Plaintiff filed a Notice of Supplemental Authority. (ECF No. 25). On September 20, 2021, Defendants filed a Response to the Notice of Supplemental Authority. (ECF No. 26).

## II.  ALLEGATIONS IN THE COMPLAINT

Defendant Travel Insured "administers single trip insurance plans." (ECF No. 1 ¶ 3). Defendant U.S. Fire "underwrites travel insurance policies sold by Travel Insured." (*Id.* ¶ 4). "The Travel Protection Plans sold by Defendants include travel insurance benefits that are applicable exclusively post-departure, meaning that Defendants are not at risk of having to cover the associated risks prior to commencement of actual travel by the insured." (*Id.* ¶ 6). "When an insured's trip is canceled prior to departure, Defendants are obligated to return the portion of the premium paid for coverage of risks that are only applicable post-departure," because the "premium paid in exchange for these exclusive post-departure benefits is unearned." (*Id.* ¶ 13). Defendants do not return the premium paid for post-departure coverage when an insured informs Defendants that his or her trip is canceled prior to departure.

On July 30, 2019, Plaintiff Edelson purchased a travel package for himself and his wife for a cruise scheduled for October 10, 2020. At the same time, Plaintiff purchased Travel Protection Plan Number 190807RTL02153 (the "Plan") from Defendant Travel Insured, "for which he paid a total of $1,234.00 in premium." (*Id.* ¶ 39). The Plan includes one type of pre-departure coverage for "Trip Cancellation," which reimburses non-refundable travel costs. (*Id.* ¶ 40). The Plan also includes several types of post-departure coverage, including coverage for trip interruption, travel delay, missed connection, damage

to baggage and personal effects, damage to rental car, medical emergency, and accidental death. Post-departure coverage is "not effective until the trip has commenced." (*Id.* ¶ 32).

Around March 2020, the travel operator canceled Plaintiff's cruise due to the COVID-19 pandemic. In April 2020, Plaintiff "filed a Trip Cancellation Claim Form with [Defendant] Travel Insured." (*Id.* ¶ 45). "Defendants never properly responded to Plaintiff's Trip Cancellation Claim Form." (*Id.* ¶ 47). "In September 2020, Plaintiff followed up with Defendants . . . and requested a refund of the premium paid for the travel insurance." (*Id.* ¶ 48). "Travel Insured refused to refund the premium" and "[i]nstead . . . only offered a voucher for use on future travel insurance, which was worthless because the COVID-19 pandemic made any travel impossible." (*Id.* ¶ 49).

Other travelers have been harmed by Defendants' failure to refund travel insurance premiums paid for post-departure coverage on trips that were never taken. Plaintiff seeks to represent the following class:

> All persons (including natural persons, corporations, firms, partnerships, associations and other organizations of persons) in the United States who, during the applicable limitations period (the "Class Period") purchased a single trip Travel Protection Plan from Defendants that included any coverages applicable exclusively to post-departure risks, canceled their insured trip or their trip was canceled prior to the scheduled departure date, and did not receive a refund of any portion of the premium for the policy.

(*Id.* ¶ 53).

Plaintiff brings the following individual and class claims against Defendants: (1) unjust enrichment; and (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* Plaintiff seeks damages, restitution, "injunctive relief," and attorneys' fees and costs. (*Id.* at 20).

III.  **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)).

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. *See* Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The court should "assume [the plaintiff's] allegations to be true and draw all reasonable inferences in his favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The pleading standards of *Iqbal* and *Twombly* apply. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012).

## IV. UNJUST ENRICHMENT

Defendants contend that a claim for unjust enrichment is barred where "an enforceable, binding agreement exists defining the rights of the parties." (ECF No. 20-1 at 17). Defendants contend that the Plan is a binding agreement that "expressly sets forth the

rights of the parties with respect to refunds and trip cancellation, and does not provide for or otherwise require the sort of partial premium refund demanded by Plaintiff." (*Id.*). Defendants further contend that they "did not unjustly retain any part of Plaintiff's premium." (*Id.* at 19). Defendants contend that "U.S. Fire provided the coverage promised under the P[lan] in exchange for a single payment," and "[t]he risk of loss for all coverages under the P[lan] attached at the time Plaintiff purchased the P[lan], regardless of whether his trip was subsequently cancelled." (*Id.*).

Plaintiff contends that the existence of a contract is "irrelevant" to the unjust enrichment claim because Plaintiff "does not have an action for breach of contract under the facts of the case," and the Plan "does not squarely set out the parties' rights" regarding the subject matter of the present dispute: "whether Plaintiff is entitled to a pro rata refund of a portion of the premium attributable to post-departure coverage in a situation where the trip is cancelled prior to departure and the insurer's risk as to post-departure coverage never attached." (ECF No. 23 at 12, 13). Plaintiff further contends that his trip was canceled "before Defendants' obligation to provide post-departure coverage attached," so it is "unjust for Defendants to retain that portion of the premiums which is attributable to post-departure coverage." (*Id.* at 15, 19).

An unjust enrichment or "quasi-contract" claim "cannot lie where there exists between the parties a valid express contract covering the same subject matter."[1] *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014) (quoting *Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (1996)). California courts and the Court of Appeals for the Ninth Circuit have applied this rule where the

---

[1] There is conflicting case law as to whether California recognizes a cause of action for unjust enrichment. *Compare Prof'l Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230, 238 (2018) (identifying "[t]he elements of a cause of action for unjust enrichment"), *with Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) ("[I]n California, there is not a standalone cause of action for unjust enrichment, which is synonymous with restitution. . . . When a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." (citations omitted)). The label does not preclude the Court from considering the merits of the claim.

"parties have an actual contract covering [the] subject" on which the unjust enrichment claim is based. *Hedging Concepts, Inc. v. First All. Mortg. Co.*, 41 Cal. App. 4th 1410, 1420 (1996), *as modified on denial of reh'g* (Feb. 23 1996); *see, e.g.*, *Cal. Med. Ass'n v. Aetna U.S. Healthcare of Cal.*, 94 Cal. App. 4th 151, 172-73 (2001) ("CMA may not proceed on its quasi-contract claim because the subject matter of such claim, to wit, whether Physicians were entitled to compensation from defendants, was governed by express contracts including the Defendant-Intermediary Agreements and Defendant-Enrollee Agreements."); *Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 773 (9th Cir. 2007) (holding that unjust enrichment claim failed as a matter of law where "there were express contracts governing the payment of the compensation payments," and "Appellants' unjust enrichment claim [] sought the same incentive payments governed by the SPA and Guaranty Agreement").

In this case, the unjust enrichment claim seeks a refund of the portion of the travel insurance premium paid for post-departure coverage on a trip that was cancelled prior to departure. Plaintiff alleges that Plaintiff and Defendants entered into single-trip travel insurance contract, which Plaintiff attaches to the Complaint. The Plan purchased by Plaintiff provides, in relevant part:

> FOURTEEN DAY LOOK: If You are not satisfied for any reason, You may cancel insurance under this Policy by giving the Company or the agent written notice within the first to occur of the following: (a) 14 days from the Effective Date of Your Insurance; or (b) Your Scheduled Departure Date. If You do this, the Company will refund Your premium paid provided no Insured has filed a claim under this Policy.

(ECF No. 1 at 28). The Plan provides:

### When Coverage for Your Trip Begins – Coverage Effective Date:

> **Trip Cancellation:** Coverage begins at 12:01 a.m. on the day after the date the appropriate premium for this Policy for Your Trip is received by the Company or its authorized representative prior to the scheduled departure time on the Scheduled Departure Date of Your Trip. This is Your "Effective

6

> Date" and time for Trip Cancellation.
>
> **Travel Delay:** Coverage is in force while en route to and from the Covered Trip.
>
> **All Other Coverages:** Coverage begins when You depart on the first Travel Arrangement (or alternate travel arrangement if You must use an alternate travel arrangement to reach Your Trip destination) for Your Trip. This is Your "Effective Date" and time for all other coverages, except Trip Cancellation and Travel Delay.

(*Id.* at 30). The Plan provides coverage for "Trip Cancellation," consisting of reimbursement of non-refundable travel costs if the insured is "prevented from taking [his or her] Trip" due to sickness, injury, or death. (*Id.*). The Plan further provides:

> If Your Travel Supplier cancels Your Trip, a benefit will be paid for the reissue fee charged by the airline for the tickers. You must have covered the entire cost of Your Trip including the airfare cost.
>
> The maximum amount payable under this Trip Cancellation Benefit is the lesser of the total amount of coverage You purchased or the Maximum Benefit Amount shown in the Confirmation of Benefits.

(*Id.* at 31). The total amount of coverage Plaintiff purchased is $7,734 each for Plaintiff and his wife. The Maximum Benefit Amount shown in the Confirmation of Benefits for Trip Cancellation is "Up to 100%" of "the lesser of the Trip Cost paid or the limit of Coverage." (ECF No. 20-2 at 3).[2]

The plain language of the Plan designates pre-departure and post-departure coverage as discrete coverage categories. The Plan addresses refunds of the "premium paid" where the insured is "not satisfied;" addresses Trip Cancellation coverage due to sickness, death,

---

[2] The Court concludes that the Confirmation of Benefits, which is referenced extensively in the Plan attached to the Complaint, is incorporated by reference to the Complaint and properly considered on a motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

or injury; and addresses coverage of the airline reissue fee where a trip is canceled by the travel provider. (ECF No. 1 at 28). At this stage in the litigation, Plaintiff's assertion that the subject matter of the Plan does not cover refunds of the portion of the premium attributable to post-departure coverage where the trip is canceled prior to departure is a reasonable interpretation of the Plan language. The Court concludes that the facts as alleged by Plaintiff plausibly support an inference the Plan may not cover the subject on which the unjust enrichment claim is based.

"The elements of a cause of action for unjust enrichment are simply stated as 'receipt of a benefit and unjust retention of the benefit at the expense of another.'" *Kennedy-Wilson Holdings*, 29 Cal. App. 5th at 238 (quoting *Lectrodryer v. Seoulbank*, 77 Cal. App. 4th 723, 726 (2000)). In this case, Plaintiff alleges that he purchased a single-trip insurance Plan from Defendants, "for which he paid a total of $1,234.00 in premium." (ECF No. 1 ¶ 39). Plaintiff alleges that the Plan includes one type of pre-departure coverage and several types of post-departure coverage. Plaintiff alleges that post-departure coverage is "not effective until the trip has commenced." (*Id.* ¶ 32). Plaintiff alleges that the travel provider canceled Plaintiff's trip prior to departure, and Defendants refused to refund the insurance premium. Plaintiff alleges that the "premium paid in exchange for the[] exclusive post-departure benefits is unearned" because Defendants never assumed any risk of having to cover post-departure risks on Plaintiff's canceled trip. (*Id.* ¶ 13). The Court concludes that the facts as alleged in the Complaint plausibly support an inference that Defendants received a benefit in the form of the insurance premium paid for post-departure coverage, and Defendants unjustly retained that benefit at Plaintiff's expense. The Motion to Dismiss the first claim is denied.

V. **UNFAIR COMPETITION LAW**

Defendants contend that Plaintiff fails to state a claim under the "unlawful" prong of the UCL because the predicate unjust enrichment claim fails as a matter of law. Defendants contend that Plaintiff fails to state a claim under the "unfair" prong of the UCL because Plaintiff "has received exactly what he bargained for," and Plaintiff "fails to allege

facts sufficient to establish how Defendants' practices violate any of the legally recognized standards for UCL unfairness." (ECF No. 20-1 at 23-24). Defendants contend that Plaintiff fails to state a claim under the "fraudulent" prong of the UCL because the allegations do not meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. (*Id.* at 25). Defendants further contend that Plaintiff fails to allege that he lacks an adequate remedy at law.

Plaintiff contends that he states a claim under the UCL's "unlawful" prong because the Complaint alleges a predicate claim for unjust enrichment and a violation of the California Insurance Code. Plaintiff contends that he states a claim under the UCL's "unfair" prong because Defendants retained premiums paid for post-departure coverage that Plaintiff could never receive and for which Defendants did not bear any risk. Plaintiff contends that he states a claim under the UCL's "fraudulent" prong because Defendants' practice "is likely to deceive the public." (ECF No. 23 at 24). Plaintiff contends that the Court should not dismiss the UCL claim for lack of an adequate remedy at law because this case is in its early stages, Plaintiff seeks injunctive relief, and "it is unlikely that Plaintiff can assert a claim for breach of contract." (*Id.* at 27).

"The UCL broadly prohibits 'unfair competition,' defined as 'any unlawful, unfair or fraudulent business practice.'" *Friedman v. AARP, Inc.*, 855 F.3d 1047, 1051 (9th Cir. 2017) (quoting Cal. Bus. & Prof. Code § 17200). "Because the statute is written in the disjunctive, it is violated if a defendant violates any of the unlawful, unfair or fraudulent prongs." *Id.* (citing *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012)).

The "unlawful" prong of the UCL "'borrows violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (quoting *State Farm Fire & Cas. Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1103 (1996)). "[V]irtually any state, federal, or local law can serve as the predicate." *Friedman*, 855 F.3d at 1052. The "unfair" prong of the UCL prohibits "practice[s] [that]

9

21-cv-323-WQH-AGS

may be deemed unfair even if not specifically proscribed by some other law." *Cel-Tech Commc'ns*, 20 Cal. 4th at 180.

> Under the UCL's unfairness prong, courts consider either: (1) whether the challenged conduct is tethered to any underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law; (2) whether the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers; or (3) whether the practice's impact on the victim outweighs the reasons, justifications and motives of the alleged wrongdoer.

*Doe v. CVS Pharm, Inc.*, 982 F.3d 1204, 1214-15 (9th Cir. 2020) (citations omitted), *reh'g en banc denied* (Jan. 15, 2021); *cert. granted, in part, on other grounds*, *CVS Pharm., Inc. v. Doe*, 2021 U.S. LEXIS 3572 (July 2, 2021). Determining whether a defendant's conduct was unfair "raises of questions of fact that are appropriate for resolution on a motion to dismiss only in rare situations." *Friedman*, 855 F.3d at 1055 (quoting *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015)).

In this case, the Court has concluded that that Complaint states a claim for unjust enrichment at this stage in the litigation. The Court has concluded that the allegations in the Complaint plausibly support an inference that Defendants unjustly retained the insurance premium paid by Plaintiff for post-departure coverage. The Court concludes that the facts as alleged in the Complaint plausibly support an inference at this stage in the litigation that Defendants' retention of the premium paid by Plaintiff for post-departure coverage is "unlawful" or "unfair" under the UCL.[3]

"A UCL action is equitable in nature; damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (citing *Bank of the W. v. Superior Ct.*, 2 Cal. 4th 1254, 1266 (1992)). Generally, a plaintiff may seek equitable relief

---

[3] The Court need not address whether the Complaint alleges a violation of the "fraudulent" prong of the UCL. *See Friedman*, 855 F.3d at 1051 (the UCL is violated "if a defendant violates any of the unlawful, unfair or fraudulent prongs").

for past harm only if he has no adequate remedy at law. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). However, no controlling authority prevents a plaintiff from asserting alternative legal remedies at the pleading stage. *See Eason v. Roman Catholic Bishop of San Diego*, 414 F. Supp. 3d 1276, 1282 (S.D. Cal. 2019) (collecting cases); *see also Sonner*, 971 F.3d at 844-45 (affirming dismissal of claim for equitable relief because the operative complaint, newly amended "on the eve of trial," failed to allege the plaintiff had no adequate remedy at law). In addition, discovery may reveal that claims providing legal remedies are inadequate. The Motion to Dismiss the second claim is denied.

## VI.  INJUNCTIVE RELIEF

Defendants contend that Plaintiff lacks Article III standing to assert a claim for injunctive relief because Plaintiff fails to allege a threat of repeated injury. Plaintiff contends that the Court of Appeals for the Ninth Circuit is "in favor of plaintiffs seeking injunctive relief." (ECF No. 23 at 28).

To establish standing to pursue prospective injunctive relief under Article III of the United States Constitution, the plaintiff "must demonstrate that he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way." *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007) (citation omitted). The plaintiff "must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief [] if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

In this case, Plaintiff alleges that he purchased a single-trip insurance Plan from Defendants. Plaintiff alleges that the travel provider canceled the covered trip before the departure date due to the COVID-19 pandemic. Plaintiff alleges that Defendants wrongfully failed to refund Plaintiff the portion of the premium paid for post-departure

coverage, and instead "offered a voucher for use on future travel insurance." (ECF No. 1 ¶ 49). Plaintiff fails to allege facts sufficient to support an inference that he is likely to be wronged in a similar way in the future or that he is suffering continued, adverse effects of Defendants' actions. The Motion to Dismiss the request for injunctive relief is granted.

## VII. CLASS CLAIMS

Defendants assert that the Court "should dismiss for lack of standing Plaintiff's putative claims on behalf of non-California insureds whose claims, if any, would be governed by the laws of states other than California." (ECF No. 20-1 at 31). Defendants contend that Plaintiff "does not have standing to pursue claims under the laws of states in which he does not reside and was not injured." (*Id.*). Plaintiff contends that he is "not seeking to pursue any claims under the law of any [] state" other than California. (ECF No. 23 at 28).

The party invoking federal jurisdiction bears the burden of establishing Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). This party must establish (1) an "injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical;" (2) "a causal connection between the injury and the conduct complained of;" and (3) a likelihood that the injury will be redressed by a favorable decision. *Id.* at 560-61 (citations omitted). "[A] plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). In the absence of Article III standing, a court lacks subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109-10 (1998). Courts in the Ninth Circuit have consistently held that a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured. *See, e.g.*, *Dennis v. Ralph Lauren Corp.*, No. 16-cv-1056-WQH-BGS, 2016 U.S. Dist. LEXIS 176856, at *17 (S.D. Cal., Dec. 20, 2016).

In this case, Plaintiff brings a claim for unjust enrichment on behalf of a nationwide class. Plaintiff fails to allege facts that show that he has standing to assert an unjust

enrichment claim under the law of any state other than California. The Motion to Dismiss "Plaintiff's putative claims on behalf of non-California insureds whose claims, if any, would be governed by the laws of states other than California" is granted. (ECF No. 20-1 at 31).

## VIII. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss the Complaint filed by Defendants (ECF No. 20) is granted as to request for injunctive relief and as to putative claims on behalf of non-California insureds whose claims would be governed by the laws of states other than California, and is otherwise denied. The request for injunctive relief and the putative claims on behalf of non-California insureds whose claims would be governed by the laws of states other than California are dismissed without prejudice. No later than thirty (30) days from the date of this Order, Plaintiff may file any motion for leave to amend pursuant to Civil Local Rules 7.1 and 15.1(c).

Dated: September 23, 2021

Hon. William Q. Hayes
United States District Court