UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS B. EDLESON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRAVEL INSURED INTERNATIONAL, INC., and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Case No.: 21-cv-323-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File First Amended Complaint filed by Plaintiff Louis B. Edelson. (ECF No. 30).

**I.  BACKGROUND**

On February 23, 2021, Plaintiff Louis B. Edelson filed a Class Action Complaint against Defendants Travel Insured International, Inc. and United States Fire Insurance Company, alleging that Defendants violated California state law by failing to refund travel insurance premiums paid for post-departure coverage on trips that were never taken. Plaintiff alleged the following claims on behalf of himself and a nationwide class: (1) unjust enrichment; and (2) violation of California's Unfair Competition Law, Cal. Bus. &

Prof. Code §§ 17200, *et seq*. Plaintiff sought damages, restitution, injunctive relief, and attorneys' fees and costs.

On May 3, 2021, Defendants filed a Motion to Dismiss. (ECF No. 20). On September 23, 2021, the Court issued an Order granting in part and denying in part Defendants' Motion to Dismiss. (ECF No. 27). The Court dismissed the "request for injunctive relief" and the "putative claims on behalf of non-California insureds whose claims would be governed by the laws of states other than California" without prejudice and with leave to file a motion for leave to amend. (*Id.* at 13).

On October 25, 2021, Plaintiff filed a Motion for Leave to File First Amended Complaint. (ECF No. 30). Plaintiff seeks leave to file an amended complaint that "cures the deficiencies identified by the Court with regard to Plaintiff's claim for injunctive relief." (ECF No. 30-1 at 3).

On November 15, 2021, Defendants filed a Response to the Motion for Leave to File First Amended Complaint. (ECF No. 31). Defendants "do not oppose leave for Plaintiff to file the 'proposed First Amended Class Action Complaint' (the 'proposed FAC'), but Defendants expressly reserve and do not waive their right under Rule 12 to seek dismissal of the injunctive relief claim in the proposed FAC." (*Id.* at 2).

On November 16, 2021, Plaintiff filed a Reply. (ECF No. 32).

## II.  LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178,

182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

### III.   RULING OF THE COURT

The proposed FAC adds factual allegations in support of Plaintiff's request for injunctive relief. This case is in its early stages, and the proposed amendment seeks to cure deficiencies identified by the Court in the Order on Defendants' Motion to Dismiss. Defendants "do not oppose leave for Plaintiff to file the . . . 'proposed FAC.'" (ECF No. 31 at 2). The Court concludes that the *Foman* factors do not warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis omitted).

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 30) is granted. Plaintiff shall file the proposed FAC attached as "Exhibit 1" to the Declaration of Yury A. Kolesnikov (ECF No. 30-2) within five (5) days of the date of this Order.

Dated: November 30, 2021

Hon. William Q. Hayes
United States District Court