UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS B. EDLESON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRAVEL INSURED INTERNATIONAL, INC., and UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Case No.:  21-cv-0323-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiff's request for injunctive relief, filed by Defendants Travel Insured International, Inc. and United States Fire Insurance Company.  (ECF No. 35).

## I.    PROCEDURAL BACKGROUND

On February 23, 2020, Plaintiff Louis B. Edleson filed a Class Action Complaint against Defendants Travel Insured International, Inc. ("Travel Insured") and United States Fire Insurance Company ("U.S. Fire"), alleging that Defendants violated California state law by failing to refund travel insurance premiums paid for post-departure coverage on trips that were never taken.

On May 3, 2021, Defendants filed a Motion to Dismiss the Complaint for lack of standing and for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 20).  On September 23, 2021, the Court issued an Order granting in part and denying in part Defendants' Motion to Dismiss.  (ECF No. 27).  The Order dismissed Plaintiff's request for injunctive relief for lack of Article III standing.  (*See id.* at 11-12).

On December 1, 2021, Plaintiff filed the operative First Amended Complaint ("FAC").  (ECF No. 34).  On December 14, 2021, Defendants filed a Motion to Dismiss the repleaded request for injunctive relief for lack of standing under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  (ECF No. 35).  On January 4, 2022, Plaintiff filed an Opposition in response to the Motion to Dismiss.  (ECF No. 36).  On January 11, 2022, Defendants filed a Reply.  (ECF No. 37).

## II.    ALLEGATIONS IN THE FAC

Plaintiff purchased a travel insurance plan (the "Plan") administered by Defendant Travel Insured and underwritten by Defendant U.S. Fire in connection with a cruise scheduled for October 10, 2020.  The Plan included pre-departure coverage for non-refundable travel costs and several types of post-departure coverage.  The post-departure coverage was not effective until the commencement of the cruise.

After Plaintiff's cruise was cancelled due to the COVID-19 pandemic, Plaintiff requested a refund of the Plan's premium.  Defendants "were obliged to return that portion of the gross premium that [Plaintiff] paid for benefits exclusively covering post-departure risks."  (ECF No. 34 ¶ 52).  However, Travel Insured refused to refund the premium and instead "only offered a voucher for use on future travel insurance, which was limited in duration and, thus, was worthless at the time because the COVID-19 pandemic made any travel impossible at that time."  (*Id.* ¶ 50).[1]

---

[1] Defendants request that the Court take judicial notice of a document containing an email message from Travel Insured to Plaintiff, offering Plaintiff a voucher that could be used to pay for an insurance plan in

Plaintiff intends to resume travel once it is safe and advisable to do so. Plaintiff also continues to desire to purchase travel insurance to protect any future travel purchase from pre- and post-departure risks. However, Plaintiff is cognizant of the fact that the effects of the pandemic could be long-lasting and that associated travel restrictions and trip cancellations could happen at any time based on changed circumstances. As such it is important to Plaintiff that any travel insurance that he may purchase in the future provide for *pro rata* refunds of premiums attributable to post-departure coverage should the trip be cancelled prior to departure. Were Travel Insured to provide *pro rata* refunds of premiums attributable to post-departure coverage in the event that the trip is cancelled prior to departure, as Travel Insured is already required to under the law, Plaintiff would purchase any such trip insurance policy from Travel Insured. However, at the moment, Plaintiff has no way of determining whether Travel Insured will provide him with a *pro rata* refund of premiums attributable to post-departure coverage in the event that the trip is cancelled prior to departure. Thus, injunctive relief is necessary to prevent future harm to Plaintiff and the Class and to ensure that Travel Insured complies with its obligations under the law for providing refunds.

(*Id.* ¶¶ 54-55).

Plaintiff brings the following individual and class claims against Defendants: (1) unjust enrichment; and (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. Plaintiff seeks damages, restitution, injunctive relief, and attorneys' fees and costs.

## III. CONTENTIONS

Defendants contend that Plaintiff fails to allege a cognizable future injury for the purpose of establish standing for injunctive relief under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendants contend that there is no "real and immediate threat of injury" because Plaintiff no longer has the Plan, has not purchased a new plan, has not

---

connection with a new or rescheduled trip "up to 24 months from [the] original date of departure" of Plaintiff's original trip. (Ex. A to Motion to Dismiss, ECF No. 35-2 at 2). Plaintiff does not dispute the authenticity of the document or Defendants' request for judicial notice in his Opposition. The Court grants Defendants' request for judicial notice. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a . . . motion to dismiss.").

21-cv-0323-WQH-AGS

booked travel for which a plan could be purchased, and has rejected a voucher that he could use to purchase a future plan.  (ECF No. 35-1 at 13).  Defendants contend that Plaintiff's allegations regarding future harm are speculative because "Plaintiff fails to offer any specific allegations of when in the future he might travel . . . ."  (*Id.*).  Defendants contend that any future harm is avoidable by Plaintiff because he now knows that Travel Insured does not offer the type of refund Plaintiff seeks.  Defendants contend that the reasoning in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), is limited to false advertising claims and that even under *Davidson*, Plaintiff fails to allege a future injury that is real and immediate.

Plaintiff contends that the FAC adequately alleges facts demonstrating that Plaintiff has standing to seek injunctive relief under *Davidson*, which is not limited to false advertising claims or informational injuries.  Plaintiff contends that an allegation that he would purchase a travel insurance plan from Defendants in the future if it provided for a refund is sufficient to establish standing.  Plaintiff contends that there is no requirement "that the plaintiff *currently* have a product with the defendant or that the plaintiff have a concrete plan for *when* he or she will purchase the product."  (ECF No. 36 at 10).  Plaintiff contends that the FAC challenges Defendants' continued conduct and that Plaintiff can demonstrate a concrete injury despite Plaintiff's knowledge of Travel Insured's existing policies.

## IV.   LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter.  Fed. R. Civ. P. 12(b)(1).  The burden is on the plaintiff to establish that the court has subject matter jurisdiction over the action.  *Assoc. of Med. Colls. v. United States*, 217 F.3d 770, 778–779 (9th Cir. 2000).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual.  In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the

1  truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."
2  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

3  **V.   DISCUSSION**

4          The issue of standing under Article III of the United States Constitution is
5  jurisdictional and is therefore "properly raised in a motion to dismiss under Federal Rule
6  of Civil Procedure 12(b)(1)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  To have
7  standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable
8  to the challenged conduct of the defendant, and (3) that is likely to be redressed by a
9  favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  An injury
10 in fact is "'an invasion of a legally protected interest' that is 'concrete and particularized'
11 and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v.*
12 *Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  "In a class action, standing is satisfied
13 if at least one named plaintiff meets the requirements." *Bates v. United Parcel Serv., Inc.*,
14 511 F.3d 974, 985 (9th Cir. 2007).

15         "Standing must be shown with respect to each form of relief sought . . . ." *Id.*  With
16 respect to prospective injunctive relief, "[t]he plaintiff must demonstrate that he has
17 suffered or is threatened with a concrete and particularized legal harm, coupled with a
18 sufficient likelihood that he will again be wronged in a similar way." *Id.*  This necessitates
19 the existence of a "real and immediate threat of repeated injury," *O'Shea v. Littleton*, 414
20 U.S. 488, 496 (1974), that is "certainly impending," *Clapper v. Amnesty Int'l USA*, 568
21 U.S. 398, 401 (2013).

22         The FAC alleges that Plaintiff was harmed by Defendants' failure to refund a portion
23 of a travel insurance premium covering post-departure risks when his trip was cancelled
24 prior to its commencement.   Plaintiff seeks injunctive relief "to enjoin Defendants'
25 'continued conduct' in failing to provide insureds with *pro* rata refunds of the premiums
26 attributable to post-departure coverage."  (ECF No. 36 at 6).  The FAC alleges that this
27 injunctive relief is "necessary to prevent future harm" because "Plaintiff has no way of
28 determining whether [Defendant] Travel Insured will provide him with a *pro rata* refund

of premiums attributable to post-departure coverage in the event that the trip is cancelled prior to departure."  (ECF No. 34 ¶ 55).  The threatened prospective harm alleged in the FAC—Plaintiff's uncertainty regarding Defendants' future refund policies—is a categorically different type of harm than Defendant's past failure to issue a refund. Injunctive relief is inappropriate because Plaintiff has failed to allege facts to support an inference that he will again be wronged "in a similar way."  *Bates*, 511 F.3d at 985.

The reasoning of the Court of Appeals in *Davidson* is inapposite.  In *Davidson*, the court held that a consumer bringing a false advertising claim may be entitled to injunctive relief despite the consumer's awareness of the deceptive nature of the advertising at the time the consumer files a lawsuit.  889 F.3d at 972.  The court reasoned that a consumer, wary of being misled again, may be "unable to rely on the product's advertising or labeling in the future" in the absence of injunctive relief.  *Id.* at 969-70.  A consumer's reliance on a false representation and her subsequent inability to rely on the same representation in the future are both forms of the same type of "informational injury" that false advertising laws are designed to prevent.  *Davidson*, 889 F.3d at 971-72 ("In other words, Davidson faces the similar injury of being unable to rely on Kimberly–Clark's representations of its product in deciding whether or not she should purchase the product in the future.").  The reasoning of the court in *Davidson* does not extend to the factual context of this case, where Plaintiff does not bring a false advertising claim and where Plaintiff's prior injury is not alleged to bear any relationship to a representation made (or not made) by Defendants.

Even if Plaintiff could show that he will again be wronged in a similar way, Plaintiff must also demonstrate that the threat is "real and immediate," *O'Shea*, 414 U.S. at 496, and "certainly impending," *Clapper*, 568 U.S. at 401.  By his own account, Plaintiff has not traveled and has no immediate or concrete plans to do so.  *See* ECF No. 34 ¶ 54 ("Plaintiff intends to resume travel once it is safe and advisable to do so.").  As a result, Plaintiff has not been presented with a tangible opportunity to purchase Defendants' travel insurance products.  *Cf. Davidson*, 889 F.3d at 970-71 (noting that the plaintiff had alleged that she regularly visited stores where the defendant's products were sold and was ready to

purchase the products if the representation on the products' labels was accurate). Plaintiff's allegation that he turned down Defendants' "worthless" offer of a two-year voucher to purchase future travel insurance in lieu of a refund, ECF No. 34 ¶ 50, casts further doubt on the plausibility of his alleged desire to purchase travel insurance from Defendants in the immediate future. *Cf. Davidson*, 889 F.3d at 971 ("As in *Ries*, the FAC is 'devoid of any grounds to discount [Davidson's] stated intent to purchase [the wipes] in the future.'" (quoting *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 527 (N.D. Cal. 2012) (alterations in original)). Plaintiff fails to allege facts to support an inference that the injury posed by his uncertainty regarding Defendants' future policies is "real and immediate," *O'Shea*, 414 U.S. at 496, and "certainly impending," *Clapper*, 568 U.S. at 401. *Cf. Davidson*, 889 F.3d at 971 (recognizing that the facts alleged by the plaintiff in that case raised a "close question").

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss Plaintiff Louis B. Edleson's request for injunctive relief (ECF No. 35) filed by Defendants Travel Insured International, Inc. and United States Fire Insurance Company is granted. The request for injunctive relief contained in the First Amended Complaint (ECF No. 34) is dismissed.

Dated: March 7, 2022

Hon. William Q. Hayes
United States District Court